If Crowley voluntarily appears as claimant or comes in upon the return day of the notice by publication, he will then have the rights of any claimant, averring his possession at the time of seizure, to apply to the court for leave to bond the vessel, and the question of possession between him and the other claimant, Hawkins, can be properly tried. A great deal of the evidence by affidavit has been directed to the points that the libellant's claim is not such as gives him a lien enforceable in this court, and on the other hand that Hawkins had no common law lien and therefore no right to the possession of the vessel, as against the owners, because he has been fully paid, and because the work was done on the personal credit of the libellant and not on the credit of the vessel. These questions cannot be now entertained. They cannot be tried on affidavits. The first is an issue to be tried in the cause, if properly raised by the pleadings. The second may perhaps be properly inquired into upon trial of the objections that may be filed to Hawkins's appearance as a claimant. Let an order be entered in conformity with this opinion.

[NOTE. An order of reference was accordingly entered. Upon exceptions to the report of the referee, the court decided that Hawkins had a possessory lien upon the vessel, which entitled him to intervene as claimant. 10 Fed. 919. On other motions for leave to file petitions to intervene, see 12 Fed. 152, and 16 Fed. 697.]

TWOMBLEY (TAZAYMON v.). See Case No. 13,810.

## Case No. 14,301.

### TWO STEAM BOILERS.

[Cited in The Marquette, Case No. 9,101. Nowhere reported; opinion not now accessible.]

TWO STEAM BOILERS (UNITED STATES v.). See Case No. 16,588.

## Case No. 14,302.

### TWO THOUSAND BOTTLES OF LIQUORS.

[5 Ben. 265.] [1]

District Court, N. D. New York. June, 1871.

INTERNAL REVENUE—WHOLESALE LIQUOR DEALER —RECTIFIER AND DISTILLER.

Under the 44th section of the internal revenue act of July 20, 1868 (15 Stat. 142), the wine and distilled spirits owned by a wholesale liquor dealer, are not forfeited by reason of his not having paid the special tax. That forfeiture is applicable to the wines and spirits of distillers and rectifiers only.

This was an application for a new trial. The action was brought to forfeit the property under the 44th section of the internal

revenue act of July 20, 1868. The proof showed that the claimant had carried on the business of a wholesale liquor dealer without having paid the tax required by law. A decree of forfeiture having been made, a motion was made for a new trial.

BENEDICT, District Judge. I am of the opinion that the 44th section of the act of July 20, 1868 (15 Stat. 142), cannot be held to forfeit the wines and distilled spirits owned by a wholesale liquor dealer wherever found, by reason of the fact that the dealer has carried on the business of a wholesale liquor dealer without having paid the special tax as required by law.

The words of the section "and all distilled spirits or wines, and all stills or other apparatus fit or intended to be used for the distillation or rectification of spirits, or for the compounding of spirits, or owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or rectifying establishment shall be forfeited," must be held applicable to distillers and rectifiers only. The section, taken as a whole, does not indicate an intention to inflict upon a wholesale liquor dealer a forfeiture of his whole stock for an omission to pay the special tax as required by law; and the words "such person," are intended to refer to those classes, and not to all the classes of persons previously mentioned.

The proof that the claimant was a wholesale liquor dealer was not, therefore, sufficient to warrant the direction of a verdict, and there must be a new trial.

TWO THOUSAND BUSHELS OF WHEAT (UNITED STATES v.). See Case No. 16,-589.

## Case No. 14,303.

### TWO THOUSAND TIN CANS.

[7 Ben. 34.] [1]

District Court, E. D. New York. Oct., 1873.

FORFEITURE—IMPORT ACTS—RELANDING GOODS INTENDED FOR EXPORT—INTENT TO DEFRAUD.

1. Goods on board a ship, which had been entered for exportation under the act of 2d March, 1799 (1 Stat. 692), but for which no bond had been given, as provided in the 81st section of that act, and no debenture issued, were put on board a lighter alongside the ship. They were seized as forfeited under the 81st section of the act, as having been relanded. A verdict in favor of the government having been directed, in a suit brought to enforce the forfeiture, the claimant made a motion for a new trial: Held, that the discharge of the goods into the lighter amounted to a landing of them, within the meaning of the 82d section of the act. See Rev. St. § 3049.

[Cited in Kidd v. Flagler, 54 Fed. 369.]

2. A landing in the port of exportation, before the ship had broken ground, was within the act.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]